UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZERIHUN BELACHEW GEBEYEHU,<br><br>Plaintiff,<br><br>v.<br><br>UR M. JADDOU, ET AL.,<br><br>Defendants. | NO. 2:23-CV-01033-RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I.   INTRODUCTION

This matter comes before the Court on the parties' cross Motions for Summary Judgment, Dkts. #7 and #12.  Plaintiff Zerihun Belachew Gebeyehu brings this case for a writ of mandamus and under the Administrative Procedure Act ("APA").  There has been no request for oral argument.  Having reviewed the submissions of the parties, the Court GRANTS Defendants' Motion for Summary Judgment and DENIES Plaintiff's Motion.

## II.   BACKGROUND

Plaintiff Gebeyehu is a citizen of Ethiopia who resides in Shoreline, Washington.  Dkt. #1 at ¶ 5.  He states that he was the victim of political persecution in Ethiopia as a previous financial supporter of the Tigrayan People's Liberation Front ("TPLF") and as an ethnic Tigrayan.  *Id*. at ¶ 13.

He entered the United States lawfully on June 9, 2021.  *Id.* at ¶ 14.  On October 25, 2021, he filed an I-589 application for asylum.  *Id*.  At the same time, he requested expedited

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 1

adjudication.  Dkt. #8 ("Lehman Decl."), ¶ 19.  U.S. Citizenship and Immigration Services ("USCIS") has not yet scheduled Mr. Gebeyehu for an interview, in part because USCIS has a "last in first out" or "LIFO" policy that prioritizes more recent asylum applications over those that have been pending longer than 21 days.  *See id.* at ¶ 15.  USCIS did however grant Mr. Gebeyehu's application for a work permit (called an "Employment Authorization Document" or "EAD") on April 6, 2022, which remains valid until April 22, 2024.  *Id*. at ¶ 17.  He may apply to renew his EAD as long as his asylum application remains pending.

On September 25, 2023, USCIS denied Mr. Gebeyehu's expedited adjudication request.  *Id*. at ¶ 19.  However, the San Francisco Asylum Office placed him on its "short-notice" interview list.  *Id*. at ¶ 18.

Mr. Gebeyehu alleges he was forced to abandon his business assets in Ethiopia, and he intends to "travel to a neighboring country to work on a contingency plan for his businesses, and to secure or liquidate whatever assets he can." Dkt. #1 at ¶ 15.  He believes he needs to have his asylum request adjudicated immediately in order to make that trip.  However, asylum applicants may apply for an "advance parole" document if they need to travel outside the United States for certain purposes while their application is pending.  8 C.F.R. § 208.8.  Mr. Gebeyehu has not sought advance parole.  *See* Lehman Decl. at ¶ 20.  He alleges that he has not applied for advance parole because "the limited duration of an Advanced Parole document, which is typically about two weeks, does not give Mr. Gebeyehu enough time to resolve his outstanding business affairs, nor does it guarantee re-entry into the U.S." Dkt. #1 at ¶ 16.

This case was filed on July 11, 2023.  *Id*.  Plaintiff Gebeyehu asks this Court to declare that Defendants' actions of failing to schedule his asylum interview and delaying the adjudication

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 2

of his asylum claim for more than two years, constitute a violation of the APA or otherwise warrant mandamus relief.

In a nutshell, he claims that he will suffer severe financial loss if his asylum claim is not processed in an expedited fashion. The Complaint states:

> More specifically, when Mr. Gebeyehu fled Ethiopia fearing for his life, he was forced to abandon his business assets, including, but not limited to, a hotel he owns and had managed in Addis Ababa called Yosti Hotel & Spa, valued at $1M. *Id*. at 22, 61-71. In his absence, Mr. Gebeyehu's assets are at risk of being seized or destroyed by the TPLF or other groups who may take advantage of the war. *Id*. Mr. Gebeyehu plans to travel to a neighboring country to work on a contingency plan for his businesses, and to secure or liquidate whatever assets he can. *Id*.
>
> While Mr. Gebeyehu, like all asylum applicants, can apply for I-131 Advanced Parole travel document to travel outside the U.S. while his asylum case is pending (so long as he does not return to the country of claimed persecution), the limited duration of an Advanced Parole document, which is typically about two weeks, does not give Mr. Gebeyehu enough time to resolve his outstanding business affairs, nor does it guarantee re-entry into the U.S. *See* 8 C.F.R. §§ 212.5(f), 223.1-223.3; *see also* IFM at 16.3(a); AAPM III D. Furthermore, USCIS's stated processing times for a Form I-131 is at least 9-18 months, and often longer.

*Id*. at ¶¶ 15–16.

### III.   DISCUSSION

**A.   Legal Standard for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco,*

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 3

*Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B. Analysis**

The Court has subject matter jurisdiction over Defendant's APA claim under 28 U.S.C. § 1331. Under the APA, a reviewing court may "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64, 124 S. Ct. 2373, 159 L. Ed. 2d 137 (2004) (emphasis in original). "The central question in evaluating 'a claim of unreasonable delay' is 'whether the agency's delay is so egregious as to warrant mandamus.'" *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855, 382 U.S. App. D.C. 120 (D.C. Cir. 2008) (quoting *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 79, 242 U.S. App. D.C. 222 (D.C. Cir.1984)).

For determinations of whether agency delays are unreasonable under the APA, the Ninth Circuit has adopted the "TRAC" factors, a six-factor balancing test. *Telecomms. Rsch.*, 750 F.2d at 79-80; *see Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022). The factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason;"

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 4

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed."

*Telecomms. Rsch.*, 750 F.2d at 80 (citations and quotations omitted).

The Mandamus Act, 28 U.S.C. § 1361, provides district courts with "original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." It is well-established that "[m]andamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).

Both parties move for summary judgment, essentially on the facts in the Complaint and USCIS statistics about asylum application numbers. Defendants first argue that mandamus relief is unavailable because Plaintiff has failed to allege a "nondiscretionary, ministerial duty requiring USCIS to adjudicate his asylum application by a date certain." Dkt. #7 at 17. They assert that

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 5

an adequate remedy is available to Plaintiff under his APA claim. The Court agrees that mandamus relief is not available under these facts.

Turning to the APA claim and the TRAC factors, the Court finds that USCIS has not unreasonably delayed the adjudication of Mr. Gebeyehu's asylum application within the meaning of 5 U.S.C. § 706(1). In this case, USCIS has identified a rule of reason: the "LIFO" scheduling system. This method of scheduling was designed to deter fraudulent or meritless filings that are made to obtain employment authorization. Lafferty Decl. at ¶ 28. Whether or not this system is the best way to handle asylum applications, Courts throughout the country have consistently found the LIFO policy to be a rule of reason that satisfies the first TRAC factor. *See* Dkt. #7 (citing *Zhang v. Wolf*, No. 19-cv-5370, 2020 WL 5878255 at *4 (E.D.N.Y. Sept. 20, 2020); *Xu v. Cissna*, 434 F. Supp. 3d 43, 53 (S.D.N.Y. 2020); *Varol v. Radel*, 420 F. Supp. 3d 1089, 1097 (S.D. Cal. 2019); *Zhu v. Cissna*, No. 18-cv-9698, 2019 WL 3064458, at *4 (C.D. Cal. Apr. 22, 2019)). 8 U.S.C. § 1158(d)(5)(A) establishes an aspirational timeframe for when interviews should take place and when a final adjudication should occur. Congress, however, vested some discretion in agencies to exceed those timeframes in "exceptional circumstances." 8 U.S.C. §1158(d)(5)(A)(ii), (iii). That discretion allows USCIS to administer the asylum program by implementing the LIFO policy and other prioritization measures designed to help the agency overcome unique challenges associated with operating in the everchanging environment of global migration. *See Zhang*, 2020 WL 5878255, at *5 ("the qualifying phrase 'absent exceptional circumstances' in § 1158(d)(5)(A)(iii) suggests that Congress intended that the timeline not apply while the USCIS is dealing with an exceptional level of asylum applicants"). The Court agrees with Defendants who state that "[t]he current backlog of asylum applications is the result of exceptional circumstances beyond the control of USCIS, including surges of migrants arriving at

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 6

the southern border and global migration beyond the control of USCIS." Dkt. #7 at 21.  Looking at the third and fifth TRAC factors, the Court again agrees with Defendants that Mr. Gebeyehu has not sufficiently alleged that the delay has resulted in a risk to his health or welfare.  The alleged harm is financial (not getting the full value for the sale of his business in Ethiopia).  The Court notes that, even taking all facts in the Complaint as true, this harm is the inability to sell a business in person (in a neighboring country) rather than remotely or through an agent, or being forced to go through the advanced parole system for a shorter-than-desired trip to a neighboring country.  Viewing these facts and all reasonable inferences in the light most favorable to the Plaintiff, the extent of the financial harm, or even that there would be any financial harm, remain speculative.  These factors favor Defendants. The fourth TRAC factor also favors Defendants because the effects of ordering the adjudication of Mr. Gebeyehu's asylum application would prejudice all other asylum applications, many of which involve threats to health or welfare. Finally, although "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed,'" a finding of unreasonable delay alone will not outweigh the other five TRAC factors.  Plaintiff's arguments that the whole asylum system is full of unreasonable delay do not justify the requested relief and its effect of moving Mr. Gebeyehu ahead of other asylum applicants.

In sum, the TRAC factors favor summary judgment dismissal of Plaintiff's APA claim.

The Court concludes that Plaintiff has failed to demonstrate that Rule 56(d) relief is warranted because the facts he seeks, "how many asylum officers and other resources are currently being diverted (from August 2021 through the present) to adjudicate Afghan asylum claims," and "how many of the completed cases adhered to the LIFO policy," are not essential to oppose Defendants' Motion for Summary Judgment as such discovery would fail to change

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT – 7

the TRAC analysis above for his claim in particular and because the LIFO policy has already been found to be a rule of reason by other Courts.

## IV. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Summary Judgment, Dkt. #7, is GRANTED and Plaintiff's Motion for Summary Judgment, Dkt. #12, is DENIED.  All of Plaintiff's claims are DISMISSED.  This case is CLOSED.

DATED this 3rd day of May, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE